# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PRISCILLA N. MOORE,** | 1:17-cv-628-LJO-EPG |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER RE DEFENDANT'S MOTION TO DISMISS (Doc. 3)** |
| v. | |
| **FREEDOM MORTGAGE CORPORATION and NORTHWEST TRUSTEE SERVICES, INC.,** | |
| **Defendants.** | |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno

Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

This case concerns a mortgage loan ("the Loan") Plaintiff Priscilla N. Moore obtained on the home she previously owned ("the Property") that was secured by a deed of trust assigned to Defendant Freedom Mortgage Corporation, and a non-judicial foreclosure sale on the Property. Plaintiff brings eight claims against Defendant under California statutory, contract, and tort law, and Defendant moves to dismiss them entirely with prejudice. *See* Doc. 3 at 3.

The Court took the matter under submission on the papers pursuant to Local Rule 230(g). Doc. 9. For the following reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss (Doc. 3).

## III. FACTUAL AND PROCEDURAL BACKGROUND

In June 2015, Plaintiff obtained the Loan. Doc. 1, Ex. 1, Complaint ("Compl.") ¶ 10. At some time in "early 2016," Plaintiff began to suffer financial problems, so she attempted to modify the terms of the Loan. *Id.* ¶ 11. Specifically, Plaintiff attempted to enter into a "trial period plan" ("TPP"), which would make the terms of the Loan more manageable for her. *See id.* ¶ 8. Plaintiff submitted to Defendant "a full and complete loan modification application and supplementary financial documents requested by Defendant." *Id.* ¶ 12.

By February 2016, however, Plaintiff had defaulted on the loan. *See* Doc. 4, Ex. 4. In late February 2016, the deed trustee, Defendant Northwest Trustee Services, Inc., filed a "Notice of Default and Election to Sell under the Deed of Trust" ("NTS"). *See id.*

Nonetheless, in July 2016, Defendant informed Plaintiff that she had qualified for a federally sponsored loan modification program. Compl. ¶ 16. Defendant also sent Plaintiff a written TPP, which set forth certain obligations related to the Loan. *Id.* In particular, the TPP established a three-month

payment schedule that was set to begin in August 2016 that provided lower monthly payments than required under the original terms of the Loan. *Id.* ¶ 17. The TPP explained that Plaintiff would qualify for a permanent loan modification if she timely made all three payments, and further stated that Defendant would abstain from initiating foreclosure proceedings if Plaintiff complied fully with the TPP's terms. *Id.* ¶¶ 18-19, 31. Plaintiff accepted the TPP, signed and returned a copy, and furnished to the loan servicer a notification of acceptance, all documents required for modification, and funds [for] each and every month as required by the TPP." *Id.* ¶ 20. Plaintiff fully complied with the TPP's terms from August 2016 to January 2017. *Id.* ¶¶ 21-23.

In January 2017, however, the Property was sold in a non-judicial foreclosure sale. *See* Doc. 4, Ex. 6. In February 2017, Defendant informed "Plaintiff that it would no longer accept her mortgage payments, and that it would not permanently modify the loan, and would not provide her with a final modification agreement." *Id.* ¶ 27.

As discussed in more detail below, Plaintiff alleges Defendant's conduct was unlawful for several reasons. Accordingly, Plaintiff brings eight claims against Defendant for: (1) breach of contract; (2) promissory estoppel; (3) violation of California Civil Code § 2923.6(c); (4) violation of California Civil Code § 2924.18; (5) violation of California Civil Code § 1788 et seq. (a.k.a. "the Rosenthal Act"); (6) negligence; (7) fraudulent misrepresentation; and (8) injunctive relief. Compl. at 1. Defendant moves to dismiss each claim on the ground that they fail as a matter of law.

## IV. **STANDARD OF DECISION**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and

resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must, in accordance with Rule 8, allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

## V. DISCUSSION

### A. Breach of contract

The thrust of Plaintiff's breach of contract claim is that she complied fully with the terms of the TPP, yet Defendant failed to honor the agreement, namely by refusing to modify the Loan. *See* Compl. ¶¶ 86-91. Defendant moves to dismiss the claim solely on the ground that the "TPP is not supported by adequate consideration." Doc. 8 at 6. Defendant asserts that, in exchange for Defendant's promises underlying the TPP, Plaintiff did no more than make the monthly loan payments she was already obliged

4

to pay under the Loan's terms, which does not constitute sufficient consideration to make the TPP valid and enforceable.

Plaintiff asserts that a number of her actions constitute adequate consideration. Specifically, Plaintiff argues that she "submitted and attested to the accuracy of additional financial documentation, agreed to make escrow payments to Defendant for property taxes and insurance as a condition of eligibility for the modification, and forewent other loss mitigation alternatives." Doc. 6 at 4 (citing Compl. ¶¶ 44-47).

A case Defendant cites, *Patera v. Citibank, N.A.*, 79 F. Supp. 3d 1074, 1089 (N.D. Cal. 2015), shows that Plaintiff's providing Defendant with additional financial documents and information to apply for the TPP that Plaintiff was otherwise not required to provide Defendant is sufficient consideration. *Patera* relied on *Sutcliffe v. Wells Fargo Bank, N.A.*, 283 F.R.D. 533, 553 (N.D. Cal. 2012), to conclude that the plaintiff had not alleged sufficient consideration to enforce a loan modification, reasoning that, unlike in *Sutcliffe*, the plaintiff "ha[d] not alleged that she was required to submit additional documentation and the payment submitted was already owing under the terms of the original loan agreements." *See Patera*, 79 F. Supp. 3d at 1089.

*Sutcliffe*, in turn, held that the defendant's promises under a virtually identical TPP were supported by the plaintiffs' consideration "to the extent that [the plaintiffs] were required to submit financial documents that were not required under the original loan." 283 F.R.D. at 553. In reaching that conclusion, the court followed *Ansanelli v. JP Morgan Chase Bank, N.A.*, 2011 WL 1134451, at *4 (N.D. Cal. Mar. 28, 2011), which likewise found that under California contract law, the plaintiffs' preparing additional "financial disclosures" in order to receive the benefits of a TPP was sufficient consideration to enforce the TPP. The court recognized that California contract law provides that the time and energy someone expends to enter into a contact is valid consideration. *See id.* (citing *Raedeke v. Gibraltar Sav. & Loan Ass'n*, 10 Cal.3d 665, 673 (1974)).

As in *Sutcliffe* and *Ansanelli*, Plaintiff alleges she provided Defendant with "ongoing and

5

updated documentation" in an effort to receive the TPP's benefits that she would not have had to have provided under the Loan's terms. Notably, Defendant does not address this issue in its reply, and instead reiterates its argument that Plaintiff's making monthly payments she was already required to make is insufficient consideration. The time and energy Plaintiff expended when submitting additional financial documentation that was required under the TPP, but not the Loan's terms, constitutes sufficient consideration. *See Sutcliffe*, 283 F.R.D. at 553. Accordingly, Defendant's motion to dismiss Plaintiff's breach of contract claim is DENIED.

**B.     Promissory estoppel**

Plaintiff alternatively argues that, even if there is no consideration to support the TPP, it is enforceable under the theory of promissory estoppel. Defendant moves to dismiss on multiple grounds, including that Plaintiff cannot simultaneously argue that the TPP is supported by valid consideration and on a promissory estoppel theory. *See* Doc. 3 at 12; Doc. 8 at 8.

Defendant is correct. "[A] plaintiff cannot state a claim for promissory estoppel when the promise was given in return for proper consideration. The claim instead must be pleaded as one for breach of the bargained-for contract." *San Diego City Firefighters, Local 145 v. Bd. of Administration*, 206 Cal. App. 4th 594, 619 (2012). Because the Court finds Plaintiff has sufficiently pled the TPP is supported by valid consideration, she cannot bring a promissory estoppel claim. *See id.* Accordingly, the Court GRANTS Defendant's motion to dismiss the claim WITHOUT LEAVE TO AMEND.

**C.     California Civil Code §§ 2923.6(c) and 2924.18 claims**

Both California Civil Code §§ 2923.6(c) and 2924.18 prohibit a lender, like Defendant, "from recording a notice of default or notice of sale, or conducting a trustee's sale, while a completed [loan modification] application is pending." *Terry v. Wells Fargo Bank, N.A.*, 2016 WL 3017558, at *3 (N.D. Cal. May 26, 2016). To state a claim under either statute, Plaintiff must establish that while she had a complete application pending, Defendant materially violated the statute, causing Plaintiff to suffer damages. *See id.*; *Cornejo v. Ocwen Loan Serv.*, 151 F. Supp. 3d 1102, 1117-18 (E.D. Cal. 2015);

*Hixson v. Wells Fargo Bank, N.A.*, 2014 WL 3870004, at *6 (N.D. Cal. Aug. 6, 2014). Defendant moves to dismiss on the grounds that Plaintiff fails to allege her application was complete and Defendant's alleged violations of the statutes were immaterial in that they did not cause Plaintiff any harm. *See* Doc. 3 at 14-15.

As Plaintiff correctly notes, her complaint unambiguously and repeatedly alleges her TPP application was complete and approved. *See, e.g.*, Compl. ¶¶ 14, 16, 18, 27 41, 67, 70, 72. In fact, Plaintiff specifically alleges that Defendant sent her a letter explicitly stated "You have been approved for a trial period plan." *Id.* ¶ 18. Further, that Plaintiff unambiguously alleges she ultimately was never approved for a *permanent* loan modification, *see, e.g.*, *id.* ¶ 88, establishes that her application for a loan modification remained pending prior to the notice of default, notice of sale, and the trustee's sale. Plaintiff therefore sufficiently pleads Defendant violated §§ 2923.6(c) and 2924.18.

As a result of the default and resulting foreclosure—which Plaintiff alleges would not have occurred had Defendant complied with §§ 2923.6(c) and 2924.18—Plaintiff lost her home and suffered other various economic losses. The Court cannot conceive how, according to Defendant, these allegations are insufficient to establish that Defendant's allegation violations of the statutes were material and failed to cause Plaintiff any harm.

Notably, Defendant makes no argument concerning Plaintiff's §§ 2923.6(c) and 2924.18 claims in its reply, which suggests it does not dispute Plaintiff's straightforward arguments in opposition. Accordingly, Defendant's motion to dismiss the claims is DENIED.

**D.      Rosenthal Act claim**

Defendant moves to dismiss Plaintiff's Rosenthal Act claim on the ground it cannot be liable under the Act because it is not a "debt collector." Doc. 3 at 16. The Court agrees. As Defendant correctly observes, numerous courts throughout the Ninth Circuit, including this one, have held—repeatedly and unequivocally—that loan servicers like Defendant are not debt collectors, as contemplated by the Rosenthal Act and, accordingly, cannot face liability under the Act. *See* Doc. 8 at 9-

7

10 (collecting cases). The Court therefore GRANTS Defendant's motion to dismiss WITHOUT LEAVE TO AMEND.

**E.      Negligence**

Plaintiff's sixth cause of action for negligence is premised on her assertion that Defendant had "a duty to handle the submission, application, and procession of [her] loan modification documents competently and in a non-negligent manner," Compl. ¶ 111, and Defendant breached that duty. Specifically, Plaintiff alleges Defendant breached its duty to Plaintiff to review and process her TPP application in an appropriate and timely fashion. *See id.* ¶ 124. As a result, Plaintiff suffered various financial damages.

Defendant moves to dismiss for a number of reasons, including on the basis that it owed Plaintiff no duty as a lender. Both parties acknowledge (albeit implicitly) the lack of controlling authority on the issue, as well as the severe split in the federal district courts. *See Shupe v. Nationstar Mortgage LLC*, __ F. Supp. 3d __, 2017 WL 431083, at *5 (E.D. Cal. Jan. 31, 2017). This split has resulted from the split in the California Courts of Appeal, namely, the Fourth District's decision *Lueras v. BAC Home Loan Servicing, LP*, 221 Cal. App. 4th 49 (2013), and the First District's decision in *Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th 941 (2014). *Lueras* essentially holds in broad terms that a lender does not owe a borrower any duty "to offer, consider, or approve a loan modification, or to explore and offer foreclosure alternatives." 221 Cal. App. 4th at 67. The court reasons that "a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money," and thus its rights and obligations are "created solely" by the loan documents and other sources of law, but not the common law. *See id. Alvarez*, on the other hand, held that a lender owes a borrower a duty of care if it agrees to consider a loan modification application, but fails "to timely and carefully process" the application. 288 Cal. App. 4th at 948-49.

The Ninth Circuit, however, recently addressed the issue and split in authority in *Anderson v. Deutsche Bank Nat'l Trust Co. Americas*, 649 Fed. App'x 550, 552 (9th Cir. 2016). The court held that a

lender does not have a duty to a loan modification applicant when the applicant's "negligence claims are based on allegations of delays in the processing of their loan modifications." *Id.* In reaching this conclusion, the court reasoned:

> [T]he review and approval of a loan modification has significant implications not just for the borrower, but also for the lender. Additionally, harm to the borrower as a result of an extended review period, while foreseeable, is neither certain nor primarily attributable to the lender's delay in the processing of the application. Rather, when, as here, "the modification was necessary due to the borrower's inability to repay the loan, the borrower's harm, suffered from denial of a loan modification, [is] not ... closely connected to the lender's conduct." Similarly, when "the lender did not place the borrower in a position creating a need for a loan modification, [ ] no moral blame ... attache[s] to the lender's conduct." As a result . . . the policy of preventing future harm, is not implicated under these circumstances.

*Id.* (quoting *Lueras*, 221 Cal. App. 4th at 67). Notably, the Ninth Circuit cited both *Alvarez* and *Lueras*, but relied exclusively on *Lueras* in its analysis. *See id.*

To the extent Defendant owed Plaintiff a duty to process the application in a timely manner, *see* Compl. ¶ 124, *Anderson* explicitly holds otherwise. And although the Ninth Circuit in *Anderson* seemingly limited its analysis to the facts of the case—namely, that the plaintiffs alleged the defendants' mere delay in processing the loan applications breached their duty to the plaintiffs—the court also strongly suggested that imposing a duty on a lender for its conduct related to processing (or not) a loan modification application is not justified when the borrower's conduct requires the modification. *See Anderson*, 649 Fed. App'x at 552; *see also Manson v. Guaranty Bank*, 2017 WL 1094079, at *4 (Mar. 23, 2017 (holding that under *Anderson* a lender did not owe a loan applicant any duty because "it did not cause [the borrower] to need a loan modification, and the harm that he experience is primarily attributable to his default, not [the lender's] actions"). Further, in addition to *Anderson*, other decisions from the Ninth Circuit that post-date *Alvarez* have followed *Lueras* to hold that a lender owed no duty to a borrow. *See, e.g.*, *Badame v. J.P. Morgan Chase Bank, N.A.*, 641 Fed. App'x 707, 709 (9th Cir. 2016); *Deschaine v. IndyMac Mortg. Servs.*, 617 Fed. App'x 690, 693 (9th Cir. 2015).

In light of these decisions, it appears the Ninth Circuit agrees with the *Lueras* court's holding

9

that lenders do not owe a duty of care to borrowers. Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiff's negligence claim WITHOUT LEAVE TO AMEND.

**F.      Fraudulent misrepresentation**

Plaintiff's seventh claim against Defendant is for fraudulent misrepresentation. Defendant moves to dismiss on the grounds that Plaintiff (1) cannot recover in tort for purely economic damages; (2) she fails to plead the claim with particularity; and (3) she fails to plead reliance on Defendant's alleged misrepresentations.

Under longstanding California law known as the economic loss doctrine, a plaintiff may not recover economic losses in tort actions. *Aas v. Superior Court*, 24 Cal. 4th 627, 623 (2000). Defendant correctly points out that Plaintiff pleads only economic losses for her fraudulent misrepresentation claim, though she does sufficiently lead emotional harm (which would not be barred by the economic loss doctrine) as damages in her other claims. *See* Compl. ¶ 135. The Court therefore GRANTS Defendant's motion to dismiss the claim on that basis with leave to amend.

To state a claim for fraud under California law, Plaintiff must plead plausible facts showing that

> (1) the defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably relied on the representation; and (5) the plaintiff suffered resulting damages.

*Badame*, 641 F. App'x at 710 (citation omitted). In addition, Plaintiff must satisfy the particularity requirements of Federal Rule of Civil Procedure 9(b).

Distilled, the claim alleges that Defendant represented to Plaintiff, through paperwork prepared by one of its employees and sent to Plaintiff on July 12, 2016, that she (1) had been approved for the TPP; (2) to accept the offer and the TPP's terms, she had to make three monthly payments, which she did; (3) after she made those payments and submitted all appropriate documentation, her mortgage would be modified permanently, but never was; and (4) so long as Plaintiff complied fully with the terms of the TPP, which she did, Defendant would not foreclosure on the Property, which it did. *See*

Compl. ¶ 126. Plaintiff generally alleges that she complied with Defendant's requests because she believed its representations were accurate and would be honored. *Id.* ¶ 134. Instead, Plaintiff claims, Defendant intentionally made these claims to "swindle[ her] out of the opportunity to modify the mortgage loan." *Id.* ¶ 134. Because of Defendant's misrepresentations, Plaintiff decided not to pursue other foreclosure alternatives, made payments under the TPP, and "did not begin saving money for legal representation because [she] believed that the TPP was valid and would be upheld." *Id.* As a result of Defendant's conduct, Plaintiff suffered various economic damages. *See id.* ¶ 135.

These allegations plausibly state a claim for fraud and satisfy Rule 9(b)'s requirements. Accordingly, the Court DENIES Defendant's motion to dismiss the claim on the ground Plaintiff has failed to plead her fraud claim adequately.

**G.     Injunctive relief**

Plaintiff's final claim is for injunctive relief under California Civil Code § 2924.12. That statute provides in relevant part that "a borrower may bring an action for injunctive relief to enjoin a material violation of" other, related statutes. *See* Cal. Civ. Code § 2924.12(a)(1). Thus, while it permits injunctive relief *as a remedy* for certain statutory violations, it does provide for a standalone cause of action for injunctive relief. Though Defendant explicitly made this argument in its moving papers, Plaintiff does not provide in her opposition, and the Court cannot find, any authority to support her assertion that California law recognizes an independent cause of action for injunctive relief under California Civil § 2924.12. Accordingly, the Court GRANTS Defendant's motion to dismiss the claim WITHOUT LEAVE TO AMEND.

**VI. <u>CONCLUSION AND ORDER</u>**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss. The Court ORDERS that:

1. Plaintiff's second cause of action is DISMISSED WITHOUT LEAVE TO AMEND;

2. Plaintiff's fifth cause of action is DISMISSED WITHOUT LEAVE TO AMEND;

3. Plaintiff's sixth cause of action is DISMISSED in part with leave to amend;

4. Plaintiff's seventh cause of action is DISMISSED in part with leave to amend;

5. Plaintiff's eighth cause of action is DISMISSED WITHOUT LEAVE TO AMEND;

6. Defendant's motion to dismiss Plaintiff's remaining claims is DENIED; and

7. Plaintiff shall file any amended complaint by June 30, 2017, but only if there is a legal and legitimate basis to do so. Ignoring the analysis in this order due to disagreement with it does not form such a basis.

IT IS SO ORDERED.

Dated: **June 19, 2017**          /s/ Lawrence J. O'Neill
                                  UNITED STATES CHIEF DISTRICT JUDGE